```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Robert V. Towle

    v.                                      Civil No. 08-cv-038-JL

Warden, New Hampshire State Prison

**O R D E R**

Before the Court is Robert Towle's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se filings by incarcerated persons).

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court

construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Petitioner Robert Towle pled guilty to two counts of possessing child pornography and was sentenced to serve 3 ½ - 7 years in the New Hampshire State Prison on December 4, 2006. Although Towle did not take a direct appeal of his conviction and

sentence to the New Hampshire Supreme Court ("NHSC"), he did file a motion to withdraw his plea during the year following his conviction.  In the motion to withdraw his plea, Towle challenged the constitutionality of his conviction and sentence on the grounds that: (1) he received ineffective assistance of counsel, (2) the offense with which he was charged and to which he believed he was pleading guilty was materially different than the offense to which he actually pled guilty, (3) he is innocent of the offense to which he pled guilty, and (4) as a result of the variance in the charge to which he pled guilty, his plea was not knowing, intelligent, and voluntary.  The motion was denied by the trial court on December 3, 2007.  Towle appealed the denial of his post-conviction motion, but he has provided no details as to the status of his appeal.

Towle now files this petition, alleging the following claims:[1]

1. Towle received ineffective assistance of counsel, in violation of his Sixth Amendment right to counsel, when:

    a. his attorney failed to object when Towle was given

---

[1] The claims as identified here will be considered to be the claims raised in the petition for all purposes.  If Towle disagrees with the claims as identified, he must file an amendment to his petition.

```
                  a sentence that exceeded the negotiated plea
                  agreement;

          b.      his attorney failed to inform him of the elements
                  of the offense to which he was pleading guilty;

          c.      His attorney withheld information regarding the
                  plea and sentencing agreement with the state,
                  causing Towle to be unfairly surprised at his
                  sentencing;

     2.   Towle's Fourteenth Amendment due process right to be
          notified of the charges against him, as well as his
          right to be indicted by a grand jury, were violated
          when the charge to which he pled guilty differed
          materially from the charge that was approved by the
          grand jury;

     3.   Towle's right to due process under the Fourteenth
          Amendment was violated when the charge Towle pled
          guilty to was different than the charged offense,
          because Towle was innocent of the offense to which he
          pled guilty;

     4.   Towle's Sixth Amendment right to a trial was violated
          when he entered a guilty plea that was not knowing,
          intelligent and voluntary, because he was denied notice
          of the charge and elements of the crime to which he was
          pleading guilty.
```

<u>Discussion</u>

Under 28 U.S.C. § 2254, the federal courts are authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  To be

eligible for habeas relief, Towle must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2254(a) & (b); see also Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st Cir. 1981).  Towle satisfies the first eligibility requirement as he is currently serving his sentence and is thus in custody.  However, at this time, Towle's petition demonstrates neither that he has fully exhausted his state remedies, nor that effective state remedies are unavailable to him.

   A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims.  See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v. Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner

to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).  "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

While Towle asserts that he has litigated a motion to withdraw his plea, and that he has appealed the denial of that motion to the New Hampshire Supreme Court, he has not provided this Court with sufficient facts to make clear whether he has actually raised each claim brought here, including the federal rights encompassed in the claim, to the state's highest court.  Towle has not attached any pleadings, court orders, or other documents demonstrating precisely which claims were raised in the New Hampshire Supreme Court.  Because such a showing is necessary to demonstrate exhaustion, I find that Towle has not yet demonstrated exhaustion of state court remedies.

Rather than dismiss the petition for failing to demonstrate exhaustion of each claim, I will direct Towle to amend his

petition to include, for each claim presented in his petition, documentation, including orders, motions, petitions, notices of appeal, briefs, or other pleadings, showing that the issues presented here, including the precise federal nature of the issues, were in fact presented to the state courts, including the New Hampshire Supreme Court, for consideration.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  If Towle must, to satisfy the exhaustion requirement set out here, return to the state courts to fully present his claims before he can make the required amendment to his current petition, he must request a stay in these proceedings, which I will grant to allow him to exhaust his claims and amend his petition.  See Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) ("[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.").

## Conclusion

Towle is ordered to amend his petition within thirty days of the date of this Order to notify this Court as to whether (1) he has already exhausted all of his claims and to demonstrate exhaustion here, or (2) he intends to return to the state court to complete exhaustion prior to amending his petition to demonstrate exhaustion here.  If Towle chooses to exhaust any unexhausted claims prior to filing his amended petition, he must commence state court action to exhaust all of the unexhausted claims, and file a motion to stay this action in this Court, within thirty days of the date of this Order.

If the petition is stayed to allow Towle to complete exhaustion of his claims, Towle is ordered to contact this Court every 90 days, beginning 90 days from the date of the Order staying his petition, to notify the Court that the matter is still pending in the state courts and has not been decided, or to report any change in the status of the state court proceedings. When the New Hampshire Supreme Court has ruled on his claims, and the claims are thus exhausted, Towle must, within 30 days of being notified of the Supreme Court's final ruling, notify this Court of that ruling, submit to this Court the New Hampshire

Supreme Court's ruling, as well as all briefs or other pleadings filed in that court, and file a request that this Court further consider his petition.  Failure to amend his petition as directed, to proceed promptly in the state court if Towle has not yet exhausted his claims, or failure to comply with the notification requirements of this Order, may result in the dismissal of the petition for failing to demonstrate exhaustion of all of the claims presented.[2]

    **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     February 14, 2008

cc:       Robert V. Towle, pro

---

[2] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Towle's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).